Utilities Comm. v. Telephone Co.

STATE OF NORTH CAROLINA ex rel. UTILITIES COMMISSION, AND DUKE TELEPHONE COMPANY AND DUKE UNIVERSITY v. GENERAL TELEPHONE COMPANY OF THE SOUTHEAST

No. 7310UC226

(Filed 28 March 1973)

**Telephone and Telegraph Companies § 1; Utilities Commission § 9— petition for certificate of public convenience and necessity — denial of motion to dismiss — premature appeal**

A telephone company's appeal from the denial of its motion to dismiss on jurisdictional grounds a petition of Duke Telephone Company and Duke University for a certificate of public convenience and necessity to provide telephone service at Duke University is dismissed as premature since no final order has been entered by the Utilities Commission in the proceeding.

APPEAL by intervenor, General Telephone Company of the Southeast, from an order of the North Carolina Utilities Commission dated 11 December 1972.

Petitioners, Duke Telephone Company and Duke University, instituted this proceeding on 9 October 1972 by filing with the North Carolina Utilities Commission a joint petition "for a certificate of public convenience and necessity authorizing it to provide telephone service at Duke University." On 1 December 1972, General Telephone Company of the Southeast (General Telephone) filed a "petition for leave to intervene and motion to dismiss application" alleging "that neither Duke University nor its wholly-owned subsidiary, Duke Telephone Company, is a 'public utility' within the meaning of General Statute 62-110, the certification statute in this State . . . . " The Utilities Commission, by order dated 11 December 1972, granted General Telephone's petition to intervene, but denied the motion of General Telephone to dismiss the joint petition of Duke Telephone Company and Duke University. General Telephone appealed.

*Edward B. Hipp, Maurice W. Horne and William E. Anderson, for North Carolina Utilities Commission.*

*Boyce, Mitchell, Burns & Smith by F. Kent Burns for petitioners appellee, Duke Telephone Company and Duke University.*

*R. Frost Branon, Jr., Ward W. Wueste, Jr., and Newsom, Graham, Strayhorn, Hedrick & Murray by A. H. Graham, Jr., for intervenor appellant, General Telephone Company of the Southeast.*

State v. Dunn

HEDRICK, Judge.

Motions to dismiss intervenor's appeal as being premature and fragmentary were filed in this court by both the Utilities Commission and petitioners.

The North Carolina Utilities Commission is, by statute, vested with jurisdiction over public utilities. G.S. 62-30. Telephone companies are utilities within the jurisdiction of the Utilities Commission. G.S. 62-3 (23) a 6. G.S. 62-110 in pertinent part provides:

> "No public utility shall hereafter begin the construction or operation of any public utility plant or system or acquire ownership or control thereof, either directly or indirectly, without first obtaining from the Commission a certificate that public convenience and necessity requires, or will require, such construction, acquisition, or operation . . . . "

Petitioners, Duke Telephone Company and Duke University, by applying for a certificate of convenience and necessity to provide telephone service at Duke University, have complied with the mandate of G.S. 62-110. The Utilities Commission, by denying intervenor's motion to summarily dismiss the Duke petition because of an alleged lack of jurisdiction, has rendered no final determination on the merits of the petition, but instead has concluded that the issues of fact and law raised by the petition can only be determined after a hearing.

The right of appeal lies from a final decision of the Utilities Commission. G.S. 7A-29; G.S. 62-90. Since no final order has been rendered by the Utilities Commission in this case, the appeal of General Telephone is premature and is therefore

Dismissed.

Judges BRITT and PARKER concur.